**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

FIRST SOUTHWESTERN FINANCIAL
SERVICES, LLC,

    Plaintiff,

v.

DENNIS WATERS CONSTRUCTION, LLC;
and DENNIS A. WATERS,

    Defendants.

CIVIL ACTION NO.: 4:12-cv-260

**O R D E R**

This matter is before the Court on Plaintiff's "Application for Entry of Charging Order Against the Limited Liability Company Interests of Judgment Debtor Dennis A. Waters, as an individual, and Injunction" (the "Application"), (doc. 23). In March 2013, Plaintiff First Southwestern Financial Services, LLC's predecessor in interest initiated this civil action against Defendants Dennis Waters Construction, LLC ("Waters Construction"), and Dennis A. Waters after Defendants defaulted on a promissory note that had been executed by Waters Construction and personally guaranteed by Waters. (Doc. 1.) After being served by the United States Marshal, both Defendants failed to answer or otherwise defend. Thus, the Clerk of Court entered default as to both Defendants, (doc. 13). Thereafter, the Court granted Plaintiff's Motion for Default Judgment and awarded Plaintiff the principal balance of the promissory note as well as past and future interest, attorney's fees, and service costs. (Doc. 16.)

According to Plaintiff's Application, in the almost six years since the judgment was entered against Defendants, it has not collected any funds against the amount of the judgment.

(Doc. 23, p. 1.) According to the Application, Defendant Waters recently filed documentation with the United States Bankruptcy Court for the Southern District of Georgia in which he disclosed membership interests in nine Georgia limited liability companies (the "LLCs").[1] (Id. at pp. 2–3; doc. 23-3, pp. 1–83.) Plaintiff requests an order, pursuant to O.C.G.A. § 14-11-504(a), charging Defendant Waters' membership interests in each of the LLCs with payment of the unsatisfied judgment. (Doc. 23.) Plaintiff also requests that the Court enjoin Waters from selling, conveying, gifting, encumbering or otherwise transferring his interests in the LLCs to any third-parties in order to thwart payment of the judgment.[2] (Id. at p. 5.) Lastly, Plaintiff requests that these requests "be heard on an expedited basis before [Defendant Waters], once notified of any pending hearing, has an opportunity to dispose of his membership interest or effectuate an unscheduled distribution to himself thereby avoiding payment of the Judgment." (Id. at p. 9.) Neither Defendant has filed any sort of response.

"Under O.C.G.A. § 14-11-504, a judgment creditor of a member of a limited liability company has a statutory right to collect a judgment debt from the member's distributional interests in a limited liability company by obtaining a charging order and diverting payments to the creditor which would otherwise have been made to the member." Mahalo Investments III, LLC v. First Citizens Bank & Trust Co., Inc., 769 S.E.2d 154, 155 (Ga. App. 2015). Subsection (a) of that section sets out the procedure for obtaining a charging order:

> On application to a court of competent jurisdiction by any judgment creditor of a member or of any assignee of a member, the court may charge the limited liability company interest of the member or such assignee with payment of the unsatisfied

---

[1] According to the docket, Waters' bankruptcy case has since been dismissed. See Order Dismissing Chapter 11 Case, In re: Dennis Alton Waters, Jr., No. 18-40925-JEC (S.D. Ga. December 19, 2018), ECF No. 89.

[2] Plaintiff does not request a temporary restraining order, or any sort of *ex parte* or preliminary injunctive relief.

2

> amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest.

O.C.G.A. § 14-11-504(a).

Since filing the Application, Plaintiff has filed a certificate of service along with return receipts reflecting that copies of the Application were sent via certified mail to Defendant Waters at two different addresses and to Defendant Waters Construction. (Doc. 25; doc. 25-1; doc. 25-2.) The certificate of service also reflects that two of the mail parcels were signed for and received (by an individual named Jennifer Gross) on March 11, 2019. (Doc. 25-1; doc. 25-2.) Georgia's charging order statute, O.C.G.A. § 14-11-504, is silent as to whether service of process or any kind of notice must be provided to the judgment debtor or the at-issue LLC(s) upon the filing of such application. Compare O.C.G.A. § 14-11-504, with S.D. Codified Laws § 47-34A-504(a) ("On application by a judgment creditor of a member of a limited liability company or of a member's transferee, *and following notice to the limited liability company of such application*, a court having jurisdiction may charge the distributional interest of the judgment debtor to satisfy the judgment) (emphasis added), and Ky. Rev. Stat. Ann § 362.481 ("The partnership is not a necessary party to an application for a charging order. Service of the charging order on a partnership may be made by the court granting the charging order or as the court may otherwise direct."), and Cal. Civ. Proc. Code § 708.320 (West) ("A lien on a judgment debtor's interest in a partnership or limited liability company is created by *service of a notice of* motion for a charging order on the judgment debtor and on either of the following: (1) All partners or the partnership [or] (2) All members or the limited liability company.") (emphasis added). In light of the absence of any statutory language (or other authority) requiring notice to the LLCs, and since the statute explicitly limits the extent to which any charge order will affect the LLCs, it does not appear that notice to the LLCs is required by Georgia law. See O.C.G.A. § 14-11-504(a) ("To

3

the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest.").

The issue of what kind of notice (if any) must be provided to the judgment debtor, however, is less clear. The Court is unaware of any case law addressing the extent to which service or notice of an O.C.G.A. § 14-11-504 application must be given to the judgment debtor. Even assuming, however, that service on the judgment debtor by certified mail would be acceptable for an application under these circumstances, given Plaintiff's additional request for injunctive relief against Defendant Waters, the Court finds that service pursuant to Fed. R. Civ. P. 4.1 and a show cause hearing are both necessary. See Fed. R. Civ. P. 4.1 (requiring United States marshal or deputy marshal to serve process other than summons under Rule 4 or subpoena under Rule 45); 4A Charles Alan Wright et al., Federal Practice And Procedure § 1090 (3d ed. 2014) ("Types of process falling under Rule 4.1 would include temporary restraining orders, *injunctions*, attachments, arrests, and orders relating to judicial sales.") (emphasis added).

Consequently, the Court **DIRECTS** the United States Marshal to serve Defendant Dennis A. Waters with Plaintiff's Motion for Charge Order and Injunction, (doc. 23), along with a copy of this Order wherever he may be found, including his believed home address: 181 Shelley Drive, Allenhurst, Georgia 31301.[3] Additionally, the Court **ORDERS** that this matter is set for a Show Cause Hearing on Tuesday, June 04, 2019, at 10:00 AM, in the United States District Courthouse, First Floor Courtroom, 125 Bull Street, Savannah, Georgia. The Court **ORDERS** Defendant Dennis A. Waters to appear at the hearing and to show cause, if there be any, why the Court should not issue an order charging his interest in each of the limited liability companies

---

[3] This address was provided by Defendant Waters as "where [he] live[s]" on the second page of the Voluntary Petition he filed to initiate the previously referenced bankruptcy proceeding. See Voluntary Petition for Individuals Filing for Bankruptcy, In re: Dennis Alton Waters, Jr., No. 18-40925-JEC (S.D. Ga. July 3, 2018), ECF No. 1.

listed in Plaintiff's Motion for Charge Order, (doc. 23), with payment of the outstanding judgment in this case and also why the Court should not enter an order enjoining him from selling, conveying, gifting, encumbering or otherwise transferring his interests in those limited liability companies to any third-parties in order to thwart payment of the judgment. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Defendant Dennis Waters Construction, LLC, at its believed address: P.O. Box 727, Allenhurst, Georgia 31301.[4]

**SO ORDERED**, this 23rd day of April, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] This is the "principal office address" for Dennis Waters Construction, LLC, according to the annual registration it filed with the Georgia Secretary of State on February 9, 2018, a copy of which Plaintiff filed as an exhibit to the Application. (Doc. 23-2, p. 4.)